UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

In re: PAUL C. BARRANCO
AND KAREN BARRANCO,
DEBTORS

APPEAL NO. CIVIL ACTION

16-326-SDD-RLB

**OPINION**

Defendant-Appellant Paul C. Barranco ("Barranco") appeals the bankruptcy court's judgment in favor of Plaintiffs-Appellees John E. Brignac, Jr., Joseph F. Godchaux, and God-Brig, L.L.C. ("Plaintiffs-Appellees") in Adversary Case No. 11-01086 in the Bankruptcy Court for the Middle District of Louisiana.  The bankruptcy court granted summary judgment to Plaintiffs-Appellees following adversarial briefing and a hearing on May 4, 2016, wherein the bankruptcy court ruled from the bench, holding that Barranco's debt, owed to Plaintiffs-Appellees pursuant to the Louisiana state court judgment, is non-dischargeable under 11 U.S.C. § 523(a)(4).  For the reasons set forth below, the ruling and judgment of the bankruptcy court is AFFIRMED.

**I.     BACKGROUND**

The underlying facts in this matter were succinctly set forth by the bankruptcy court in the May 4, 2016 hearing.[1]  Debtors Paul and Karen Barranco filed a joint voluntary Chapter 7 petition in May of 2011.  The Plaintiffs-Appellees sued in July 2011 to object to

---

[1] Rec. Doc. No. 45, pp. 10-12, Adversary Case No. 11-01086, Bankruptcy Court, Middle District of Louisiana.
35358

the dischargeability of Barranco's debt owed to them as a result of his alleged breach of fiduciary duty as a member of a joint venture with Plaintiffs-Appellees to purchase and develop immovable properties. Co-debtor Karen Barranco is not a party to the Adversary proceeding.

In August of 2011, the bankruptcy court modified the automatic stay on the Plaintiffs-Appellees' motion to allow pre-petition state court litigation to proceed to judgment while reserving Plaintiffs-Appellees' right to seek a declaration of dischargeability should they prevail at trial. Thus, in September 2011, the Adversary proceeding was administratively closed while the parties litigated the issue in state court.

The parties proceeded to trial in state court in the Nineteenth Judicial District Court for the Parish of East Baton Rouge, Louisiana, before Judge Hernandez. The state trial court found that Barranco, Brignac, and Godchaux were engaged in a joint venture to purchase immovable properties comprising multiple-unit dwellings in Baton Rouge.[2] The state trial court found that Barranco could not have purchased the properties without financial assistance, and Barranco sought this assistance from Plaintiffs-Appellees. Although Barranco initially signed purchase agreements in his individual capacity, he signed extension and subsequent purchase agreements, which included rights of assignment, as a member of a joint venture with Brignac and Godchaux.[3]

The state court rendered judgment in January of 2014 and held that Barranco individually breached his fiduciary duty to co-joint venture members Brignac, Godchaux, and their limited liability company by retaining for himself the majority of the sales

---

[2] Rec. Doc. No. 21-2 in Adversary Case No. 11-01086, Bankruptcy Court, Middle District of Louisiana.
[3] *Id.*
35358

proceeds of joint venture property.[4] Barranco appealed the district court's decision to the Louisiana First Circuit Court of Appeal, which affirmed the trial court's decision.[5] The Louisiana Supreme Court denied Barranco's writ of *certiorari*.[6]

In February of 2016, the bankruptcy court reopened the Adversary proceeding to allow Plaintiffs-Appellees to make their objection to the dischargeability of Barranco's debt. Following extensive briefing and a hearing conducted on May 4, 2016, the bankruptcy court granted Plaintiffs-Appellees' summary judgment motion and made the following findings: (1) the doctrine of collateral estoppel, or issue preclusion, applies in this matter and precludes Barranco from disputing the facts and legal conclusions established by the state courts; (2) independent of the state courts' conclusions, Barranco was a fiduciary under federal and Louisiana law; (3) the decision in *Bullock v. BankChampaign, N.A.* does not support Barranco's position as the state trial court held that Barranco's actions were in bad faith; (4) Barranco's actions, held to be knowingly committed in breach of his fiduciary duty, satisfy the test for defalcation under 11 U.S.C. § 523(a)(4); and (5) the state court judgment against Barranco is nondischargeable.[7]

Barranco appeals this judgment of the bankruptcy court, advancing several arguments:[8] (1) *Bullock* elevated the *scienter* requirement in breach of fiduciary duty cases to establish defalcation under Section 523(a)(4); (2) the state court did not make a finding of bad faith or malintent on the part of Barranco; and, (3) as Barranco relied on

---

[4] *Id.*
[5] 2014-1578 (La. App. 1 Cir. 9/10/15); 182 So.3d 88.
[6] 2015-1889 (La. 11/10/15); 180 So.3d 318.
[7] Rec. Doc. No. 45, pp. 13-20, Adversary Case No. 11-01086, Bankruptcy Court, Middle District of Louisiana.
[8] Rec. Doc. No. 5.

35358

the advice of counsel and did not believe that a contractual relationship existed with the Plaintiffs-Appellees, there is at least a material issue of fact as to whether Barranco had the bad faith intent to breach a fiduciary duty he was counseled did not exist. Plaintiffs-Appellees urge the Court to affirm the ruling of the bankruptcy court for essentially the same reasons given by the bankruptcy court.[9]

The bankruptcy court had jurisdiction over this matter pursuant to 28 U.S.C. § 157(b). This Court has jurisdiction over this appeal pursuant to 28 U.S.C. § 158.

## II.   LAW & ANALYSIS

### A.  Standard of Review

District courts of the United States have jurisdiction to hear appeals from orders of the bankruptcy court.[10] "[C]onclusions of law are reviewed *de novo*, findings of fact are reviewed for clear error, and mixed questions of fact and law are reviewed *de novo*."[11] A bankruptcy court's decision regarding the preclusive effect of a state court judgment is reviewed *de novo*.[12]

### B.  Collateral Estoppel

"A bankruptcy court may apply collateral estoppel in a dischargeability preceding to preclude relitigation of state court findings that are relevant to dischargeability."[13] Pursuant to the Full Faith and Credit statute, 28 U.S.C. § 1738, "judicial proceedings of any court of any ... State ... shall have the same full faith and credit in every court within the United States ... as they have by law or usage in the courts of such State ... from

---

[9] Rec. Doc. No. 7.
[10] *See* 28 U.S.C. § 158(a).
[11] *In re Nat'l Gypsum Co.*, 208 F.3d 498, 504 (5th Cir. 2000).
[12] *In re Gupta*, 394 F.3d 347, 349 (5th Cir. 2004).
[13] *Id.*

35358

which they are taken." Thus, the preclusion law of the State in which the judgment was rendered is considered in determining whether collateral estoppel should apply.[14] Louisiana Revised Statutes § 13:4231(3) provides that "[a] judgment in favor of either the plaintiff or the defendant is conclusive, in any subsequent action between them, with respect to any issue actually litigated and determined if its determination was essential to that judgment."

Louisiana courts hold that issue preclusion precludes relitigation of issues actually adjudicated and essential to the judgment in a prior suit between the parties on a different cause of action.[15] The requirements for a claim or an issue to be *res judicata* are that there is a valid and final judgment and that the judgment was issued in a case between the same parties, as in the instant case.[16] For an issue to be precluded, the issue must have been actually litigated and determined in the previous action and that determination must have been essential to the judgment in the previous action.[17] A valid judgment is one that was rendered by a court with jurisdiction over subject matter and over parties, and proper notice must have been given.[18] The judgment must also be a final judgment, that is, a judgment that disposes of the merits in whole or in part.[19]

Nevertheless, a bankruptcy court has exclusive jurisdiction to determine whether a debt is nondischargeable as defined by bankruptcy law.[20] Therefore,

> ... in only limited circumstances may bankruptcy courts defer to the doctrine

---

[14] *Matter of Gober*, 100 F.3d 1195, 1201 (5th Cir. 1996).
[15] *St. Paul Mercury Ins. Co. v. Williamson*, 224 F.3d 425, 436 (5th Cir. 2000) citing *Kaspar Wire Works, Inc., v. Leco Eng'g & Mach., Inc.*, 575 F.2d 530, 535 (5th Cir. 1978).
[16] La. R.S. 13:4231.
[17] La. R.S. 13:4231(3).
[18] La.Rev.Stat. Ann. § 13:4231, cmt. (d)(1990).
[19] *Id.*
[20] *Matter of Dennis*, 25 F.3d 274, 278 (5th Cir. 1994).
35358

of collateral estoppel and thereby ignore Congress' mandate to provide plenary review of dischargeability issues. Collateral estoppel applies in bankruptcy courts only if, *inter alia*, the first court has made specific, subordinate, factual findings on the identical dischargeability issue in question—that is, an issue which encompasses the same *prima facie* elements as the bankruptcy issue—and the facts supporting the court's findings are discernable from that court's record.[21]

In this case, the bankruptcy court held:

> No party can dispute that the state courts have rendered valid, final, non-appealable judgments against the defendant, the debtor, nor can they dispute that the parties who litigated those final judgments are the same parties proceeding. The remaining issues are whether the plaintiffs and the defendant had a relationship that imposed on the defendant a fiduciary duty and whether defendant breached that duty. Both issues were raised, litigated, and decided in Louisiana state courts. Both issues were essential to the state court judgments and any findings made by the court as to the dischargeability of debts arising from the breach of fiduciary duty.
>
> Mr. Barranco devoted a substantial amount of paper and ink to contest both the facts and the legal conclusions of the state courts. He is foreclosed from disputing those facts and legal conclusions in this court at this time. He's precluded from relitigating the issues of whether a joint venture existed, specifically, and also, whether he owed a fiduciary duty to the plaintiffs.

The Court agrees that the Louisiana state courts fully litigated and decided the fiduciary status of Barranco and that he breached that duty as a matter of law. The issues decided by the bankruptcy court were: whether the relationship between Barranco and Plaintiffs-Appellees was a fiduciary relationship within the meaning of Section 523(a)(4) of the Bankruptcy Code, and whether Barranco committed a defalcation within the scope of that statute.

### C.  Defalcation under 11 U.S.C. § 523(a)(4)

Section 523(a)(4) provides that discharge under certain sections of the Bankruptcy

---

[21] *Id.*

35358

Code "does not discharge an individual debtor from any debt for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny." [22] This exception to dischargeability is "intended to reach those debts incurred through abuses of fiduciary positions and through active misconduct whereby a debtor has deprived others of their property by criminal acts; both classes of conduct involve debts arising from the debtor's acquisition or use of property that is not the debtor's."[23]

Barranco contends that the Supreme Court's decision in *Bullock* heightened the "scienter" standard for proving defalcation under Section 523, and the state court only found that he was in a fiduciary relationship and breached that duty without any finding of bad faith or bad intent. The bankruptcy court rejected this argument and Barranco's interpretation of *Bullock*, stating that *Bullock* "requires such a finding only if the conduct at issue 'does not involve bad faith, moral turpitude, or other immoral conduct.'"[24] The bankruptcy court continued:

> "The state trial court believed that Mr. Barranco acted with knowing bad faith when he assigned his rights to the property to a third party and retained all of the proceeds for himself less a return to his former co-venturers of their capital contributions, plus interest. …So *Bullock* does not support the defendant's right to again challenge the determination in this court."[25]

The bankruptcy court also cited the Fifth Circuit's recent decision in *Whitaker v. Maroney Farms Homeowners' Association*, wherein the bankruptcy court was affirmed in finding that actions knowingly committed in breach of one's fiduciary duty meet the test for defalcation under Section 523(a)(4).[26] The *Whitaker* court stated:

---

[22] 11 U.S.C. § 523(a)(4).
[23] *In re Savage*, 333 Fed. Appx. 831 (5th Cir. 2009) (quotations omitted).
[24] Rec. Doc. No. 45, p. 19, Adversary Case No. 11-01086, Bankruptcy Court, Middle District of Louisiana.
[25] *Id.*
[26] 642 Fed. Appx. 345, 348 (5th Cir. 2016).
35358

> Defalcation is the neglect of a fiduciary duty. *Shcolnik*, 670 F.3d at 628. The Supreme Court recently clarified that the state of mind necessary to prove defalcation is "one involving knowledge of, or gross recklessness in respect to, the improper nature of the relevant fiduciary behavior." *Bullock v. BankChampaign, N.A.*, ––– U.S. –––, 133 S.Ct. 1754, 1757, 185 L.Ed.2d 922 (2013). The state court concluded that Whitaker breached his fiduciary duties to the HOA when he: 1) "*knowingly* incur[ed] attorney's fees and litigation and settlement expenses on behalf of the [HOA] to oppose a homeowner's proper request for association documents," 2) "*knowingly* sought and received money from the [HOA] for reimbursement of personal expenses," and 3) "*knowingly* sought and received money as a personal benefit from a third party contractor that was performing work paid for by the [HOA]." *See Tex. Soc. v. Fort Bend Chapter*, 590 S.W.2d 156, 164 (Tex.Civ.App.–Texarkana 1979, no pet.) ("[T]he [longstanding] law in this State [is] that a corporate fiduciary may not derive a personal benefit in dealing with the corporation's funds or its property."). In sum, Whitaker knowingly neglected his fiduciary duties and thus committed acts of defalcation.[27]

In this case, Barranco has failed to point to any facts that would provoke a different result from that reached in *Whitaker*. While Barranco maintains that no such bad faith findings were made by the state court, this Court must agree with the bankruptcy court. Indeed, the state court found that Barranco failed to discharge his fiduciary duties in good faith. Specifically, the state court found that Barranco "decided to cut them out of the deal and earn the profit alone," which "breached his fiduciary duty to plaintiffs" as members of the joint venture under Louisiana law.[28] The state court's finding of bad faith on the part of Barranco is clear and was not a finding of simple negligence or a lack of accounting.[29] Thus, the Court finds that, even if Barranco's interpretation of what *Bullock* requires is

---

[27] *Id.* (emphasis in original).
[28] Rec. Doc. No. 21-2, p 4 in Adversary Case No. 11-01086, Bankruptcy Court, Middle District of Louisiana.
[29] *See Joyner v. Liprie*, 44,852 (La. App. 2 Cir. 1/29/10), 33 So.3d 242, 252 ("The fiduciary relationship among partners imposes on them the obligation of the utmost good faith, fairness, loyalty and integrity in their dealings with one another with respect to partnership affairs. *Barksdale v. Lincoln Builders, Inc.*, 32,857 (La.App.2d Cir.6/21/00), 764 So.2d 223, writ denied, 00–2646 (La.2/9/01), 785 So.2d 821. The standard of a fiduciary's duty to his beneficiary, depending on the facts of the case, lies somewhere between simple negligence and willful misconduct or fraud with the intent to deceive. *Id.* The actual intent to deceive is not required where one party is placed in such an advantageous position to the other. *Id.*").
35358

correct, that standard is satisfied based on the findings of the state court.

Therefore, because the Court finds that the issue of Barranco's bad faith in breaching his fiduciary duties has been "fully and fairly litigated" by the state court, the Court must affirm the bankruptcy court's ruling that Barranco is precluded from relitigating these issues in bankruptcy court. The bankruptcy court was also correct in finding that the facts to be precluded were essential to the state court judgment, and that the state court made the specific factual findings with regard to the issue of Barranco's intent sufficient to address the dischargeability in bankruptcy court. The Court also affirms the bankruptcy court's finding that Barranco's conduct rises to the level of a defalcation under Section 523(a)(4), and the state judgment against him is therefore nondischargeable.

### III.   CONCLUSION

Based on the state court judgment, the bankruptcy court correctly concluded that Barranco was a fiduciary under federal law and that he committed acts of defalcation while acting in that capacity. Thus, the bankruptcy court also correctly found this debt to be non-dischargeable under Section 523(a)(4). Accordingly, the bankruptcy court's granting of summary judgment in favor of Plaintiffs-Appellees is AFFIRMED.

**IT IS SO ORDERED.**

Signed in Baton Rouge, Louisiana on <u>October 24, 2016</u>.

*Shelly D. Dick*

**JUDGE SHELLY D. DICK**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**